**Jeremy David VICK, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–08–00153–CR.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 20, 2008.

Decided Oct. 21, 2008.

Discretionary Review Refused Jan. 28, 2009.

Ebb Mobley, Longview, TX, for Appellant.

W. Ty Wilson, Asst. Dist. Atty., Longview, TX, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice MOSELEY.

Jeremy David Vick waived his right to a jury trial and pleaded guilty to committing the crime of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon Supp.2008). That offense is a second-degree felony. TEX. PENAL CODE ANN. § 22.02(b) (Vernon Supp. 2008). Vick submitted the issue of punishment to the trial court's discretion; there was no negotiated plea agreement with the State regarding punishment. The trial court denied Vick's application for community supervision and assessed his punishment at ten years' imprisonment. Vick now appeals, contending the trial court abused its discretion by failing to consider Vick's application for community supervision in assessing sentence in this case. Finding no error, we affirm the trial court's judgment.

 "[A] trial court's arbitrary refusal to consider the entire range of punishment in a particular case violates due process." *Ex parte Brown*, 158 S.W.3d 449, 456 n. 11 (Tex.Crim.App.2005) (citing *Gonzales v. Johnson*, 994 F.Supp. 759, 762 (N.D.Tex.1997); *McClenan v. State*, 661 S.W.2d 108, 110 (Tex.Crim.App.1983); *Earley v. State*, 855 S.W.2d 260, 262–63 (Tex.App.–Corpus Christi 1993), *pet. dism'd*, 872 S.W.2d 758 (Tex.Crim.App. 1994); *Jefferson v. State*, 803 S.W.2d 470, 472 (Tex.App.–Dallas 1991, pet. ref'd)); *see also Brumit v. State*, 206 S.W.3d 639, 645 (Tex.Crim.App.2006); *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex.App.–Texarkana 2002, pet. ref'd). Due process mandates that the trial court conduct itself in an independent, neutral, and detached manner. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (referencing *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)); *Earley v. State*, 855 S.W.2d 260, 262 (Tex.App.–Corpus Christi 1993), *pet. dism'd*, 872 S.W.2d 758 (Tex.Crim.App. 1994). However, absent evidence to the contrary found within the appellate record, we presume the trial judge acted as a neutral and detached officer. *Brumit*, 206 S.W.3d at 645 (citing *Thompson v. State*, 641 S.W.2d 920, 921 (Tex.Crim.App.1982)); *Fielding v. State*, 719 S.W.2d 361, 366 (Tex.App.–Dallas 1986, pet. ref'd).

Vick's appellate complaint is based on the following exchange during the punishment hearing:

THE COURT: You know, he pled guilty to Paragraph 1, and you got a deadly weapon finding. And you know what that means? This judge would have to defer an adjudication of guilt. I'm not prepared to do that. If you think I'm going to defer adjudication on a person who shows his disregard for the law not once, twice, three times, four times, you think this judge is going to do that? You're wrong. Not going to happen.

That, however, is only part of the trial court's discussion regarding sentencing. The remaining pages of the transcript provide a more complete picture:

[THE COURT:] Let me just go over some things. Go over the presentence. Page 7, future goals. "Why do you think you're a good candidate for probation?" "Because I'm on the right path, trying to keep my life straight, trying to raise my son."

The right path. Well, let's see what that path was. From the date of the commission of this offense, July the 22nd of 2007, we know this: That in 2007 he—no, I'll talk about 2008 will be fine, prefer to do that. February the

4th, 2008, evading arrest in Morris County while out on bond for this offense, seventeen days later, Harrison County, Texas, burglary of a vehicle. Convicted March the 10th, 2008, Judge Ammerman placed him on probation for a period of 15 months. His call.

Page 4 of the pre-sentence. May 8th, used marijuana, another violation of the laws of the state of Texas. And he's on the right path? So you say. I think otherwise.

His explanation for his conduct was being with the wrong people. The wrong people weren't behind the wheel that caused serious injuries to another person who's lawfully on the highways. Nope. And with respect to this use of marijuana in May, I don't know if that occurred before he appeared before me on May the 12th or after he walked out of this courtroom. All I know is in May. Either way, it doesn't show someone that was on the right path, wanting to do what's right, straighten up. No way.

I have said it before, I say it again today from this bench, that deferred adjudication is reserved, by this Court, with the intent of the law. And that's the important thing. That was a good law that was passed by our legislature.

Do you know what it was designed for, in my opinion? For those who came before the Court pure as the driven snow, who one time, one time made a mistake, violated the law, and the law says, "Well, we shouldn't put that on that person's record. This is a person that's worthy of some special treatment."

It was not intended for a person who was convicted in Bowie County January the 5th, '07, one of the first breaks he got by the way, a felony unauthorized use of a motor propelled vehicle was reduced to a theft misdemeanor and he got all of 183 days in the county jail.

It was not designed for a person who, on—who in January and February of 2007, Upshur County, possessed marijuana and got all of 15 days in the county jail. Wasn't designed for that.

It wasn't designed for a person who on February the 21st, '08, burglarized a vehicle. Convicted March the 10th of '08. Got probation.

That word probation is all too common in the handling of this individual. I feel like the victims aren't going to understand what I'm about to do. I sympathize with you, folks. I'm sorry you've suffered a great financial loss, but I'm trying to prevent a greater loss in the future.

I have to take this person off the streets where he is no threat to you, he's no threat to Mr. Smith, Ms. Brownlee, me or anyone else in this courtroom. And that may seem harsh, but it's time he learned there are consequences to one's actions.

Come before the bench.

(*Defendant complies*)

THE COURT: Based upon your plea of guilty, based upon the evidence offered in connection with that plea and beyond a reasonable doubt, I find you guilty as charged in the bill of indictment, Count I, Paragraph A.

I further make an affirmative finding that in the commission of that offense, you did then and there use or exhibit a deadly weapon. There's no more probations from this Court. You've used them all up, son.

I assess your punishment [at] ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice, giving you credit on that sentence for whatever time you've been in jail up to this point.

Any reason in law this sentence should not now be formally pronounced?

[PROSECUTOR]: None from the State.

[DEFENSE COUNSEL]: None, your Honor.

■ We first note that Vick did not raise any objection at trial regarding the trial court's alleged failure to consider the entire range of punishment. A complaint is not preserved for appellate review unless a timely objection is raised. *Washington v. State,* 71 S.W.3d 498, 499 (Tex. App.–Tyler 2002, no pet.); *Cole v. State,* 757 S.W.2d 864, 866 (Tex.App.–Texarkana 1988, pet. ref'd). Because Vick raised no objection, his complaint was waived for appellate review. *Cf. Teixeira,* 89 S.W.3d at 192; *Washington,* 71 S.W.3d at 499–500.[1]

Moreover, we believe the record suggests the trial court did consider the possibility of community supervision in this case. But the trial court further concluded community supervision was inappropriate given Vick's repeated recent failures to obey the laws of Texas. Given this record, and even had the issue been preserved for appellate review, we would not be inclined to agree with Vick's contention that the trial court failed to consider his application for community supervision. *Cf. Brumit,* 206 S.W.3d at 645–46.

For the reasons stated, we overrule Vick's sole point of error and affirm the trial court's judgment.

---

[1]. We note, however, that the Texas Court of Criminal Appeals has not yet determined whether an objection at trial is required to preserve an error of this nature on appeal.

*See Brumit,* 206 S.W.3d at 644–45 (declining to decide whether failure to object waives error before record substantively refuted appellant's claim of biased sentencing judge).