Bradley Todd **EARLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 13–92–332–CR and 13–92–341–CR to 13–92–343–CR.

Court of Appeals of Texas, Corpus Christi.

June 3, 1993.

Rehearing Overruled June 30, 1993.

Ross Teter, Dallas, for appellant.

John C. Vance, Karen R. Wise, Joan Marshall, Dist. Atty.'s Office, Dallas, Robert Huttash, State Prosecuting Atty., Austin, for appellee.

Before NYE, C.J., and SEERDEN and GILBERTO HINOJOSA, JJ.

## OPINION

SEERDEN, Justice.

Bradley Todd Earley appeals from two burglary of a building convictions (13–92–332–CR & 13–92–342–CR), one burglary of a vehicle conviction (13–92–343–CR), and one theft conviction (13–92–341–CR). Because portions of these cases share common proceedings and because appellant raises common complaints, we will address the appeals together. We reverse and remand all four convictions.

In February 1990, appellant pleaded guilty to two indictments charging him with burglary of a building and one indictment charging him with felony theft. The trial court deferred adjudication on the burglary charges and placed appellant on deferred adjudication probation for ten years. The trial court assessed punishment at ten years in prison for the theft but did not probate the sentence. However, after appellant served a portion of his sentence, the trial court placed him on "shock probation."

In March 1992, the State alleged that appellant failed to pay his fines and restitution and committed the offense of burglary of a vehicle in February 1992. The State moved to revoke his probation in the theft case and moved to adjudicate his guilt in the two burglary cases. In a proceeding concerning all three probations and the new burglary offense, appellant pleaded "true" to the allegation that he burglarized a vehicle. The trial court revoked probation on the theft and sentenced appellant to ten years in prison. The trial court then adjudicated guilt in one of the burglaries and sentenced appellant to twenty years in prison and a fine of $1,000. The trial court "stacked" this sentence on the theft sentence. The trial court then adjudicated guilt in the second burglary and sentenced appellant to twenty years in prison and a fine of $1,000. The trial court "stacked" this sentence on the first burglary sentence. Thereafter, appellant pleaded guilty to the 1992 burglary of a vehicle indictment. The trial court assessed punishment at ten years in prison and a fine of $1,000. The trial court "stacked" this sentence on the second burglary sentence.

Appellant contends by a point of error in each appeal that he was denied his right to have an unbiased judge. Appellant contends that the trial judge's actions and comments violated the due course provision of the Texas Constitution. In support of his position, appellant cites *Jefferson v. State*, 803 S.W.2d 470 (Tex.App.—Dallas 1991, pet. ref'd) and *Howard v. State*, 830 S.W.2d 785 (Tex.App.—San Antonio 1992, pet. ref'd).

In *Jefferson*, Judge Larry Baraka[1] told the defendant, at the time he was placed on deferred adjudication probation, that the maximum sentence would be imposed if he violated any term of his probation. When Jefferson failed to report and pay fees, an adjudication hearing was held. Judge Baraka assessed the promised punishment. In the colloquy between Judge Baraka and the defendant, Judge Baraka emphasized that the defendant knew the court had promised him a certain sentence and that he was receiving what was promised. *See Jefferson*, 803 S.W.2d at 472. The Dallas Court of Appeals concluded that Judge Baraka violated the defendant's due process rights by failing to consider the full range of punishment when he imposed a predetermined punishment. *Id.*

In *Howard*, at the hearing placing the defendant on deferred adjudication probation, the trial judge told the defendant that if he violated the terms of probation, "The

---

1. This is the same trial judge who presided over appellant's cases.

chances are very good that you'll get 99 years and a $10,000.00 fine." When the defendant violated his probationary conditions by not reporting, not paying fees, and removing an electronic monitoring device, the trial court adjudicated guilt and assessed punishment at ninety-nine years in prison. The San Antonio Court concluded that the trial judge violated the defendant's due process rights by effectively failing to consider the entire range of punishment and by failing to consider evidence before imposing the sentence.

In the present case, when Judge Baraka placed appellant on probation he stated the following:

> (I)f you foul up or do something like that, then I'll bring you back in here and I'll revoke these other cases and send you down to the penitentiary to serve some time; you understand me ... This is giving you a chance, but if you foul up, I want you to know that I'll probably set your punishment right at the top level of the punishment range, and I won't have any sympathy for you, because I'm giving you every chance that I possibly can to straighten yourself out ... If you foul up, you're coming back before me and I'll tell you right now I'm probably going to give you the maximum. I may not, but you have that open for me if I desire to do so. You understand what I'm saying?

When appellant returned for the revocation and adjudication hearing, before any evidence was presented, Judge Baraka stated:

> I am just upset that, Bradley, I'm just upset that you did a third-degree felony. I would rather have seen you with a first-degree, because I would like to give you life.

After this comment, appellant pleaded "true" to the allegation that he burglarized a vehicle. A probation officer testified that appellant was not current on his probationary payments. Appellant testified that he reported every time he was supposed to

report, paid some money to the probation department, but got on drugs. After hearing this evidence, Judge Baraka found, "based on the plea of true and the evidence presented," that appellant violated the terms of his probation. Judge Baraka assessed the maximum years of imprisonment for each offense and ordered the sentences to run consecutively.[2]

■■■ Due process requires a neutral and detached hearing body or officer. *Gagnon v. Scarpelli,* 411 U.S. 778, 786, 93 S.Ct. 1756, 1761, 36 L.Ed.2d 656 (1973). The Texas Constitution requires no less. Nonetheless, in the absence of a clear showing to the contrary, we will presume the trial judge was a neutral and detached officer. *See Fielding v. State,* 719 S.W.2d 361, 366 (Tex.App.—Dallas 1986, pet. ref'd). Using this standard, we determine that appellant was denied due course of law.

The State argues that unlike *Jefferson,* the trial judge here did not discuss any particular sentence and indicated that he might not assess the maximum. The State's argument is factually correct, and we agree that *Jefferson* and *Howard* would not control if we restricted our review only to the comments Judge Baraka made at the proceedings in 1990. We believe the remarks made in 1990 indicated a willingness to listen to the evidence and not necessarily prejudge the case. If the record contained no additional comments from Judge Baraka, we would not hold that Judge Baraka clearly prejudged appellant.

The record, however, contains an additional comment which we find highly relevant to appellant's point of error and which we believe clearly shows error. At the opening of the revocation proceedings, Judge Baraka, before hearing any evidence, told appellant that, "I am just upset that ... you did a third-degree felony. I would rather have seen you with a first-degree, because I would like to give you life." This statement, in combination with his earlier comments, clearly shows that Judge Baraka effectively decided the cases

---

**2.** The trial court did not hold a separate punishment hearing after adjudicating guilt. *See Issa v. State,* 826 S.W.2d 159 (Tex.Crim.App.1992).

before listening to the evidence and puts his prior comments into perspective. Thus, we disagree with an assertion made in the State's appellate brief that appellant "has not shown any bias or prejudgment of his sentence in the instant case." Judge Baraka clearly indicated that he had decided to revoke probation and wanted to assess a life sentence before he heard any evidence. Accordingly, we reverse appellant's two burglary of a building convictions and his theft conviction. We next turn to his burglary of a vehicle conviction.

 The State contends that any statements Judge Baraka made when placing appellant on probation in 1990 cannot be imputed to the proceedings in the burglary of a vehicle case. We disagree. As the facts above show, the vehicle case was prosecuted contemporaneously with the revocation proceedings in the other cases. We do not believe that the cases may be separated simply because the revocations were completed before appellant's plea was taken in the vehicle case. Moreover, Judge Baraka's bias was additionally demonstrated when he "stacked" appellant's punishment for the vehicle case onto the sentences in the other case. By such action, Judge Baraka showed that he was carrying out his desire to give appellant the predetermined "life" sentence to the best of his ability. Accordingly, we also reverse appellant's burglary of a vehicle conviction. We sustain appellant's points of error concerning the trial court's bias.

We need not address appellant's other points complaining of trial-court error. We do note, however, that appellant challenges the sufficiency of the evidence regarding the evidence supporting his burglary of a vehicle conviction. We have reviewed the record and find that appellant's judicial confession is sufficient to support the conviction. Thus, appellant's challenge to the sufficiency of the evidence in that case is overruled.

The judgment of the trial court in each of the four convictions is reversed, and the causes are remanded to the trial court for proceedings consistent with this opinion.

NYE, C.J., not participating.