TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00680-CR







Stanley Eddie DeBose, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 19,260, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING







 Appellant Stanley Eddie DeBose was charged with injury to a child. See Tex. Penal
Code Ann. § 22.04(a)(3) (West 1994). After pleading guilty, he received two years deferred
adjudication probation. See Tex. Code of Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 1999).
Later, the State filed a motion to proceed with adjudication of guilt. Appellant filed a motion to
recuse and disqualify the trial judge, Judge Charles E. Lance. After Judge Lance declined to
recuse himself from appellant's case, Judge Don Morgan heard appellant's motion to recuse and
disqualify Judge Lance. Judge Morgan denied the motion. Judge Lance proceeded to adjudicate
appellant guilty and sentenced him to eight years in prison. In one issue, appellant contends that
his conviction should be reversed because Judge Morgan abused his discretion by denying
appellant's motion to recuse and disqualify Judge Lance. (1) We will affirm the judgment. 


Background


 By his motion, appellant sought Judge Lance's recusal or disqualification from
sitting in judgment in appellant's case because the judge had "served as a lawyer in the matter in
controversy." See Tex. Code Crim. Proc. Ann. art. 30.01 (West Supp. 1999). At the
disqualification hearing appellant amended his motion, claiming that to allow Judge Lance to hear
his case would violate the Due Process Clause of the Texas Constitution. See Tex. Const. art. I,
§ 19. Appellant contended Judge Lance and the Milam County Attorney, Hollis Lewis, had a
conversation about appellant's case the week before appellant's adjudication hearing that reflected
Judge Lance's bias against appellant to the extent that allowing him to hear the State's motion
violated appellant's due process rights. Appellant argued that based on the conversation, Judge
Lance would not be a fair and impartial judge and should be disqualified. Lewis and Judge Lance
testified at the hearing before Judge Morgan. 


 Lewis testified that he went to talk to Judge Lance about setting a bond in
appellant's case. Additionally, the two talked to some extent about the outcome of the case. The
following is an excerpt from Lewis's testimony at the hearing:


[Defense Attorney]: Q: What was the substance of those conversations?


[Lewis]: A: When I left the office, I cannot remember the exact words. I know
that the Judge said he was familiar with Mr. DeBose, that he had a long criminal
history, [and] he would not set a bond. Your Honor, can I just give my
impression, because I --


The Court: No, sir.


[Lewis]:--the exact words.


The Court: No, sir.


[Defense Attorney]: Q: Did he mention to you how he might sentence Mr.
DeBose?


[Lewis]: A: Yes.


[Defense Attorney]: Q: And what did he say?


[Lewis]: A: I cannot remember the exact words of what the sentence would be. 
I remember what the -- approximate number of years.


[Defense Attorney]: Q: And what was that?


[Lewis]: A: The maximum, which I believe to be ten years. 



 Judge Lance also testified, and the following is an excerpt from his testimony at the
hearing:



[Defense Attorney]: Q: Do you recall a conversation you had with Mr. Lewis the
latter part of last week regarding Mr. DeBose's case, his Motion to Revoke?

[Judge Lance]: A: Not specifically, no.



[Defense Attorney]: Q: All right. Do you recall telling Mr. Lewis that you were
going to give Mr. Debose the maximum sentence in his Motion to Revoke?


[Judge Lance]: A: No, I don't recall that.


[Defense Attorney]: Q: You could have said it, you just don't recall?


[Judge Lance]: A: I doubt I said it, but I don't recall it.


[Defense Attorney]: Q: Okay. You could have said it and not recall it, is that
correct?


[Judge Lance]: A: That's possible.


*****



The Court: Judge, have you prejudged this lawsuit in any way?


[Judge Lance]: A: No, sir.



Discussion


 Appellate courts review a denial of a defendant's motion to recuse or disqualify a
judge using an abuse-of-discretion standard. See Kemp v. State, 846 S.W.2d 289, 306 (Tex.
Crim. App. 1992); Tex. R. Civ. P. 18a(f). Therefore, an appellate court should not reverse a
ruling if that ruling is within the zone of reasonable disagreement. Kemp, 846 S.W.2d at 306
(citing Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (opinion on reh'g)). 
In reviewing a ruling under the abuse of discretion standard, the appellate court considers the
totality of the evidence elicited at the hearing. Kemp, 846 S.W.2d at 306. 


Former Counsel for the State as a Basis For Disqualification

 One basis for disqualification appellant asserted was that while Judge Lance served
as the Milam County Attorney he was the State's attorney in at least one case against appellant.
Attached to appellant's motion were copies of informations signed by Charles Lance in his
capacity as the Milam County Attorney on October 7, 1988, June 12, 1987, and July 28, 1987. 

 A judge must be disqualified if the judge is to hear a case in which he previously
acted as counsel for either the State or the defendant. See Tex. Code Crim. Proc. Ann. art. 30.01
(West Supp. 1999). This prohibition has been construed to mean that the judge must have
participated in the very same case that is presently before him. Madden v. State, 911 S.W.2d 236,
240 (Tex. App.--Waco 1995, pet. ref'd) (citing Gamez v. State, 737 S.W.2d 315, 318 (Tex.
Crim. App. 1987)). None of the informations attached to appellant's motion are the same case
as the one at issue. Additionally, there is no evidence in the record that indicates Judge Lance was
counsel for the State or appellant in this particular case. We conclude that Judge Morgan did not
abuse his discretion in denying appellant's motion on this basis. 


Bias as a Basis For Disqualification

 Appellant asserted that a second basis for disqualification was Judge Lance's
statement made during a pre-trial extrajudicial conversation, that he would give appellant the
maximum sentence. Appellant contends Judge Lance's statement clearly indicated that before
hearing any evidence Judge Lance had dismissed arbitrarily a portion of the permissible range of
punishment. Appellant contends that the statement was sufficient evidence to establish that Judge
Lance was biased against appellant to such an extent that he was denied due process of law. 

 A judge ruling on a motion alleging bias as a ground for disqualification must
decide whether the movant has provided facts sufficient to establish that a reasonable person,
knowing all the circumstances involved, would harbor doubts about the impartiality of the trial
judge. Kemp, 846 S.W.2d at 305 (citing McClenan v. State, 661 S.W.2d 108, 109 (Tex. Crim.
App. 1983)). Bias may be a ground for disqualification only when it is shown to be of such a
nature and to such extent as to deny the defendant due process of law. Id. (citing McClenan, 661
S.W.2d at 110). Due process requires a neutral and detached trial judge. See Earley v. State, 855
S.W.2d 260, 262 (Tex. App.--Corpus Christi 1993), pet. dism'd, improvidently granted, 872
S.W.2d 758 (Tex. Crim. App. 1994) (citing Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973)). In
the absence of a clear showing to the contrary, we presume the trial judge was a neutral and
detached officer. Early, 855 S.W.2d at 262 (citing Fielding v. State, 719 S.W.2d 361, 366 (Tex.
App.--Dallas 1986, pet. ref'd)). Moreover, before alleged bias becomes sufficient to warrant the
disqualification of a judge, it "must stem from an extrajudicial source and result in an opinion on
the merits on some basis other than what the judge learned from his participation in the case." 
Kemp, 846 S.W.2d at 305 (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). 

 In reviewing the testimony at the hearing we find only one portion that raises the
possibility of bias. Lewis told appellant's attorney that he could not recall the exact words of his
conversation with Judge Lance. Appellant's attorney then asked Lewis if Judge Lance mentioned
to him how he "might" sentence appellant. In answering that question, Lewis testified again that
he could not remember Judge Lance's exact words but that he remembered the maximum, which
Lewis believed was ten years. Appellant's attorney did not ask, nor did Lewis testify, that Judge
Lance told him he was definitely going to impose the maximum sentence or even that he planned
or intended to impose the maximum sentence on appellant. When Judge Lance was asked if he
recalled telling Lewis that he was going to give appellant the maximum sentence in his motion to
revoke, Judge Lance responded that he doubted that he said it, but could not recall. In fact, in
response to three questions, Judge Lance stated only that he did not recall making such a statement
to Lewis. 

 Lacking in the record is any definitive statement that Judge Lance told Lewis that
he was planning to, intending to, or going to give appellant the maximum sentence. The record
reflects that Lewis could not recall Judge Lance's words during their conversation. Additionally,
appellant's attorney asked Lewis only if Judge Lance mentioned to him how he "might" sentence
appellant. A statement about how Judge Lance might sentence appellant does not necessarily
indicate that, after hearing evidence, he would impose the maximum sentence. Based on this
record, we cannot say that Judge Morgan abused his discretion in denying appellant's motion to
recuse or disqualify Judge Lance. Absent a clear showing to the contrary, we assume that Judge
Lance was a neutral and detached officer. Appellant's issue is overruled.


Conclusion


 We affirm the judgment.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: August 12, 1999

Do Not Publish
1. After receiving deferred adjudication probation, one may not raise a claim of error in the
"adjudication of guilt process." Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); 
see Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (West Supp. 1999). However, other issues may
be reviewed by appeal. See Dahlkoetter v. State, 628 S.W.2d 255, 257 (Tex. App.--Amarillo
1982, no pet.) (issue of whether judge conducting adjudication hearing had power to do so was
appealable). 



r disqualification must
decide whether the movant has provided facts sufficient to establish that a reasonable person,
knowing all the circumstances involved, would harbor doubts about the impartiality of the trial
judge. Kemp, 846 S.W.2d at 305 (citing McClenan v. State, 661 S.W.2d 108, 109 (Tex. Crim.
App. 1983)). Bias may be a ground for disqualification only when it is shown to be of such a
nature and to such extent as to deny the defendant due process of law. Id. (citing McClenan, 661
S.W.2d at 110). Due process requires a neutral and detached trial judge. See Earley v. State, 855
S.W.2d 260, 262 (Tex. App.--Corpus Christi 1993), pet. dism'd, improvidently granted, 872
S.W.2d 758 (Tex. Crim. App. 1994) (citing Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973)). In
the absence of a clear showing to the contrary, we presume the trial judge was a neutral and
detached officer. Early, 855 S.W.2d at 262 (citing Fielding v. State, 719 S.W.2d 361, 366 (Tex.
App.--Dallas 1986, pet. ref'd)). Moreover, before alleged bias becomes sufficient to warrant the
disqualification of a judge, it "must stem from an extrajudicial source and result in an opinion on
the merits on some basis other than what the judge learned from his participation in the case." 
Kemp, 846 S.W.2d at 305 (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). 

 In reviewing the testimony at the hearing we find only one portion that raises the
possibility of bias. Lewis told appellant's attorney that he could not recall the exact words of his
conversation with Judge Lance. Appellant's attorney then asked Lewis if Judge Lance mentioned
to him how he "might" sentence appellant. In answering that question, Lewis testified again that
he could not remember Judge Lance's exact words but that he remembered the maximum, which
Lewis believed was ten years. Appellant's attorney did not ask, nor did Lewis testify, that Judge
Lance told him he was definitely going to impose the maximum sentence or even that he planned
or intended to impose the maximum sentence on appellant. When Judge Lance was asked if he
recalled telling Lewis that he was going to give appellant the maximum sentence in his motion to
revoke, Judge Lance responded that he doubted that he said it, but could not recall. In fact, in
response to three questions, Judge Lance stated only that he did not recall making such a statement
to Lewis. 

 Lacking in the record is any definitive statement that Judge Lance told Lewis that
he was planning to, intending to, or going to give appellant the maximum sentence. The record
reflects that Lewis could not recall Judge Lance's words during their conversation. Additionally,
appellant's attorney asked Lewis only if Judge Lance mentioned to him how he "might" sentence
appellant. A statement about how Judge Lance might sentence appellant does not necessarily
indicate that, after hearing evidence, he would impose the maximum sentence. Based on this
record, we cannot say that Judge Morgan abused his discretion in denying appellant's motion to
recuse or disqualify Judge Lance. Absent a clear showing to the contrary, we assume that Judge
Lance was a neutral and detached officer. Appellant's issue is overruled.


Conclusion


 We affirm the judgment.