TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00733-CR






Carlos Jimenez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. CR91-0528-B, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Appellant Carlos Jimenez was placed on deferred adjudication community
supervision after he pleaded guilty to burglary of a habitation. See Tex. Pen. Code Ann. § 30.02
(West 2003). Four years later, the district court revoked supervision, adjudged him guilty, and
assessed punishment at forty-three years' imprisonment. (1) 

Appellant's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738
(1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974);
Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex.
Crim. App. 1969). Appellant exercised his right to examine the appellate record and also filed a pro
se brief containing three issues or points of error.

In pro se points two and three, appellant contends his guilty plea was involuntary and
he was denied due process because he was not fully admonished at the time he pleaded guilty
regarding the consequences of a violation of supervision. See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(a) (West Supp. 2003). A defendant placed on deferred adjudication community supervision may
raise issues relating to the original plea proceeding only in an appeal taken when supervision is
imposed. Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); see also Nix v. State,
65 S.W.3d 664, 672 (Tex. Crim. App. 2001) (Manuel retroactive). Thus, these points present
nothing for review.

In his first pro se point of error, appellant urges that he was denied his due process
right to a neutral and detached magistrate at the sentencing hearing. In effect, appellant argues that
the district court did not consider any of the evidence adduced at the hearing but instead assessed a
predetermined punishment. Appellant relies on three opinions. In Jefferson v. State, 803 S.W.2d
470 (Tex. App.--Dallas 1991, pet. ref'd), the trial judge expressly promised the defendant at the time
he deferred adjudication that he would assess the maximum punishment if the defendant violated
his supervision. Later, at the adjudication hearing, the judge reminded the defendant of his promise
and imposed the maximum sentence. The court of appeals concluded that the judge denied the
defendant due process by failing to give him a meaningful punishment hearing. Id. at 472. Jefferson
was followed in Howard v. State, 830 S.W.2d 785 (Tex. App.--San Antonio 1992, pet. ref'd), and
Earley v. State, 855 S.W.2d 260 (Tex. App.--Corpus Christi 1993), pet. dism'd, improvidently
granted, 872 S.W.2d 758 (Tex. Crim. App. 1994). As in Jefferson, the records in Howard and
Earley showed that the trial judge who revoked deferred adjudication supervision assessed a
punishment that had been predetermined at the time supervision was granted, without considering
any evidence that might have been adduced at the punishment hearing.

The record before us in this cause includes the original guilty plea proceeding. The
court admonished appellant that if his supervision were to be revoked and his guilt adjudicated, he
would be subject to the maximum punishment of ninety-nine years or life. The court added, "Now
I don't know what you will get because I don't know all the facts that are involved, but if you believe
it [that you will get the maximum] you will make it through it [without being revoked]." In other
words, the court did not promise or otherwise bind itself to a predetermined punishment should
supervision be revoked, but urged appellant to assume the worst as a means of motivating himself
to obey the conditions of supervision.

In addition, the record from the adjudication and sentencing hearing reflects that the
court assessed the punishment it did after considering all the evidence before it. The court told
appellant, "The P.S.I. reflects, Mr. Jimenez, a long and regular criminal history by you; including
. . . your prior aggravated assault with a deadly weapon . . . . And now we are having family violence
arguments that you minimize . . . . You can't even admit to your own violent tendency there." (2) The
court announced that the forty-three-year punishment determination was based on appellant's "total
history." We find no basis for concluding that the court denied due process by predetermining the
punishment in advance of the hearing. Pro se point one is overruled.

We have reviewed the record, counsel's brief, and the pro se brief. We find nothing
in the record that might arguably support the appeal.

The judgment of conviction is affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: May 15, 2003

Do Not Publish
1. Sentence was imposed in November 1995. Appellant was later granted an out-of-time appeal. 
Ex parte Jimenez, No. 74,433 (Tex. Crim. App. Sept. 25, 2002) (not designated for publication).
2. In addition to two violations of supervision admitted by appellant, the court also found after
hearing testimony that appellant assaulted his wife while on supervision, an allegation he denied.