PD-0559-15

No. 09-13-00375-CR

---

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

---

TRIVON NASHON JOUBERT,

Petitioner

v.

THE STATE OF TEXAS,

Appellees

---

ON DISCRETIONARY REVIEW FROM THE NINTH DISTRICT OF TEXAS

COURT OF APPEALS IN CAUSE NO. 09-13-00375-CR

---

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

---

Trivon Nashon Joubert
TDCJ-ID# 1881948
George Beto Unit
1391 FM 3328
Tennessee Colony, Texas 75880

PRO SE

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 08 2015

Abel Acosta, Clerk

RECEIVED

MAY - 4 2015

CAROL ANNE HARLEY
CLERK OF THE COURT
NINTH COURT OF APPEALS

## TABLE OF CONTENTS

Page

Table of Contents ........................................... i.

Index of Authorities ....................................... ii.

Statement Regarding Oral Argument .......................... 1

Statement of the Case ...................................... 1

Statement of the Procedural History ........................ 1

Grounds for Review ......................................... 2

Arguments

1.  Error in giving maximum sentence.                         3

2.  Error in assessing fine.                                  7


Prayer ..................................................... 7

Certificate of Service ..................................... 9

Appendix ...................................................

# INDEX OF AUTHORITIES

| **CASES** | **PAGE** |
|---|---|

McClenan v. State, S.W.2d 108 (Tex. Crim. App. 1983)    3

Gonzales v. Johnson, 994 F.Supp. 759, 762 (N.D. Tex. 1997)    3

United States v. Sciuto, 531 F.2d 842, 846 (7th Cir. 1976).    3

Earley v. State, 855 S.W.2d 260, 262-63 (Tex. App. - Corpus Christi 1993)    3

Gonzales, 994 F.Supp. at 764    4

Fielding v. State, 719 S.W.2d 361, 365-370 (Tex. App. Dallas 1986, pet. ref'd)    4

Teixeira v. State, 89 S.W.3d 190, 192 (Tex. App. - Texarkana 2002, pet. ref'd.)    4

Earley v. State, 855 S.W.2d 260 Tex. App. - Corpus Christi 1993)    4

Taylor v. State, 131 S.W.3d 497 (Tex. Crim. App. 2004)    7

Wiltumer v. State, No. 09-13-00200-CR (Tex. App. - Beaumont 2013, no pet.)(Not published)7


**STATUTES**

Texas Constitution Article I, § 19    7

8th Amendment United States Constitution    4

Article I, Section 13, Texas Constitution    4

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner submits that oral argument will not assist the Court and that disposition by per curiam opinion is appropriate.

## STATEMENT OF THE CASE

Petitioner, Trivon Nashon Joubert was indicted for the offense of aggravated robbery. (CR p.6). On April 23, 2012, Petitioner was granted deferred adjudication by the District Court. (CR p.23 - 24). Later, the State moved to revoke Petitioner's un-adjudicated probation. (R.R. 4). Petitioner pled true to counts 1 - 8 of the State's motion. (R.R. p. 4). However, the State's written motion to revoke the un-adjudicated probation is not in the clerk's record. See C.R. Index. Petitioner filed a written objection to the trial court's sentence. (.C.R. p. 53).

## PROCEDURAL HISTORY OF THE CASE

The trial court revoked Petitioner's unadjudicated probation, found Petitioner guilty of aggravated robbery and assessed punishment at forty-five (45) years in the Institutional Division. (R.R. I:12). The trial court also certified that this is not a plea-bargain case and the Petitioner filed a timely Notice of Appeal on August 12, 2013. The Court of Appeals affirmed the Petitioner's conviction. Thus, Petitioner files this present action.

## GROUNDS FOR REVIEW

1.  The trial court erred in assessing an excessive sentence over Petitioner's objection. (RR p. 12). (C.R. p. 53).


2.  The trial court erred in assessing a fine of five hundred dollars in the written judgment without oral pronouncement in open court. (RR pp. 11 - 12; CR p. 43).

## ARGUMENT FOR FIRST GROUND

1. **The trial court erred in assessing an excessive sentence over Petitioner's objection. (RR p. 12). (C.R. p. 53).**

---

### 1. Preservation of Alleged Error

In McClenan v. State, S.W.2d 108 (Tex. Crim. App. 1983), the Court noted, in dictum, that "[a] court's arbitrary refusal to consider the entire range of punishment would constitute a denial of due process[.]" Texas trial courts have wide discretion in determining the proper punishment in a revocation hearing, but due process guarantees a defendant the right to a hearing before a "neutral and detached hearing body." One feder court has stated, in holding that Judge Baraka prejudged a probationer's punishment:

> [A] defendant is entitled to a pro-
> bation revocation hearing befoe a
> judicial officer who has not pre-
> determined that probation should
> be revoked or that a particular pun-
> ishment should be imposed. Gonzales v.
> Johnson, 994 F.Supp. 759, 762 (N.D. Tex. 1997).

In supervising a probationer, a trial judge must "constantly remember that he may one day be cast in the role of trier of fact in a revocation proceeding, and that in that event he will be required to disqualify humself unless he has refrained from pre-judgment. United States v. Sciuto, 531 F.2d 842, 846 (7th Cir. 1976).

A trial court's arbitrary refusal to consider the entire range of punishment in a particular case violates due process. Earley v. State, 855 S.W.2d 260, 262-63 (Tex. App. - Corpus Christi 1993), pet. dism'd, 872 S.W.2d 758 (Tex. Crim. App. 1994). A trial judge may certainly impress upon a prospective probationer the seriousness of the possible consequences of a failure to abide by the terms and conditions of probation, but it is an altogether different thing to promise to impose the maximum punishment if a probationer fails to abide by the terms of probation

and then carry through on that promise without "actually considering the evidence presented at the revocation hearing. Gonzales, 994 F.Supp. at 764.

This is the evil which the eminent Chief Justice Guittard warned of in his dissent in Fielding v. State, 719 S.W.2d 361, 365-370 (Tex. App. Dallas 1986, pet. ref'd). The Chief Justice considered an approach that pre-determines a sentence witout considering mitigating factors (1) effectively excludes evidence relevant to punishment; (2) it precludes the judge from considering the full range of punishment prescribed by law; (3) hence, it deprives the defendant of a fair and impartial tribunal at the punishmnent hearing. Id at 368.

The State erroneously relies on Teixeira v. State, claiming Petitioner failed to preserve this error by not making a timely objection. However, Petitioner's attorney did file a handwritten objection to the sentence on the day of sentencing wherein he alleged the sentence was excessively disproportionage and unreasonable under the 8th Amendment to the United State's Constitution and Article I, Sec. 13 of the Texas Constitution. (See CR: 53).

## 2. The Record Expressly Supports Petitioner's Allegations:

The Courts have visited an issue of this exact magnitude in Earley v. State, 855 S.W.2d 260 (Tex. App. - Corpus Christi 1993), where the record contained comments which [they] f[ound] highly relevant to appellant's point of error. At the opening of [Earley's] revocation proceeding, Judge Baraka, before hearing any evidence, told [Earley] that, "I am just upset that . . . you did a third-degree felony, I would rather have seen you with a first degree, because I would like to give you life." This statement, in combination with his earlier comments, clearly shows that Judge Baraka effectively decided the cases before listening to the evidence and puts his prior comments into prospective. Id. at 262-263.

Likewise, the record in this present case, clearly reflects that Judge Layne Walker showed bias in his opinionated rant during defense counsel's

attempt to present mitigating evidence from Petitioner's mother:

**[Reporter's Record, Volume I, Page 7]**

[THE DEFENDANT]: I would like to get one more chance, sir, even --

[THE COURT]: One more chance to do what? Kill somebody?

[THE DEFENDANT]: No, sir. Sow you that I can do better.

[THE COURT]: Do better?

[THE DEFENDANT]: So that I can prove to you I can get off papers.

[THE COURT]: Here's teh deal: You don't even have any remorese for going to Dunkin' Donuts and you -- was it your brother?

[THE DEFENDANT]: Yes, sir.

[THE COURT]: You and your brother go in there sticking a gun in that person's face and robbing them. You never even had remorese for that. You didn't feel a bit bad about it.

[THE DEFENDANT]: That was the past, sir. I

**[Reporter's Redord, Volume I, Page 8]**

got remorse now.

[THE COURT]: It may be the past, but I'm going to judge you based on your past. Make sure you understand that. Everything that's fixing to come your way is for everything you've done in the past. That's what this is all about. You told your probation after you robbed that -- those peopel and y'all stuck that gun in

their face, or wherever you pointed it, "

After the above exchange, the judge then looks to the new allegations of burglary of a habitation, (Cause No. 13-17057), which was dismissed, on the State's Motion, less than 30 days later, to contemporaneously prosecute the new cause within the State's revocation hearing: (See Appendix, Exhibit A)

**[Reporter's Record, Volume I, Page 8]**

[THE DEFENDANT]: I've changed since that day, sir.

[THE COURT]: You did. I agree with you. You did change.

[THE DEFENDANT]: I changed a whole lot.

[THE COURT]: Instead of committing a new robbery case where you stick a gun in somebody's face, you went and broke in somebody's home; yes, no?

[THE DEFENDANT]: Yes, sir. But they got

**[Reporter's Record, Volume I, Page 9]**

all they -- they got their stuff back.

[THE COURT]: Does that make it okay? Who taught you that?

[THE DEFENDANT]: It don't make it okay. I went back and talked to the man, apologized to the man.

[THE COURT]: Who told you that that was an okay way to live? You get caught, and then you go give the stuff back. Had you not been caught, you'd have never gave that stuff back. The next step for you is shooting somebody, because the rules don't apply to you. You do whatever you want to do. You roll however you choose to roll. And anybody that gets in your

way -- if you have to use a gun, you'll use a gun. If you have to break into their home, that's what you're going to do. But the rules just don't apply to you, Trivon. You tell me where I'm wrong.

It is obvious, by the above exchange, that Judge Walker pre-judged the Petitioner and denied him due couse of law in revoking his probation after stating, before mitigating evidence was finished being presented, , "[i]t may be the past, but I'm going to judge you based on your past. Everything that's fixing to come your way is for everything you've done in the past." Vernon's Ann. Texas Const. Art. I, § 19.

## ARGUMENT FOR SECOND GROUND

## II. Trial Court erred in assessing a fine of $500.oo without oral findings.

The Court of Criminal Appeals in Taylor v. State, 131 S.W.3d 497 (Tex. Crim. App. 2004) holds that when the trial court revokes an order for deferred adjudication probation, it cannot include the fine that it previously imposed in the original proceedings unless it orally pronounces the fine at the revocation hearing (131 S.W.3d at 502). See also Wiltumer v. State, No. 09-13-00200-CR (Tex. App - Beaumont 2013, no pet.)(Not published).

## PRAYER

WHEREFORE PREMISES CONSIDERED, the Petitioner prays that his sentence be set aside and that he be given a new sentencing hearing and that he be given such relief as justice may demand.

Respectfully submitted,

Trivon Nashon Joubert
TDCJ# 1861948
George Beto Unit
1391 FM 3328
Tennessee Colony, Texas 85880

## INMATE DECLARATION

Pursuant to Title 6, Texas Civil Practice and Remedies Code §§ 132.001-003.

I, _Trivon Joubert_ , TDCJ-ID# _1881948_ , being

presently incarcerated at the George Beto Unit, in Anderson County, Texas,

do declare under penalties of perjury that I am the Petitioner in the attached

Petition For Discretionary Review, and all statements contained therein are

true and correct.


Signed on this the _22_ day of _March_ , 20 _15_ .

_Trivon Joubert_
SIGNATURE OF DECLARANT/PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Petition for Discretionary Review was served on the Counsel for the State, Wayln G. Thompson, Asst. District Attorney, Jefferson County, Texas, 1001 Pearl St., Suite 300, Beaumont, Texas 77701 on this _22_ day of _March_, 20 _15_ .

_Trivon Joubert_
Signature of TRIVON NASHON JOUBERT

APPENDIX

NO. **13-17057**          DA #706170

(Burglary of a Habitation)

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 252nd DISTRICT COURT |
| VS. | § | OF |
| TRIVON N. JOUBERT | § | JEFFERSON COUNTY, TEXAS |

THE STATE OF TEXAS § IN THE 252nd DISTRICT COURT

VS. § OF

TRIVON N. JOUBERT § JEFFERSON COUNTY, TEXAS

## MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT;

NOW COMES the State of Texas by and through the undersigned Assistant Criminal District Attorney in and for the County of Jefferson, State of Texas and respectfully requests the Court dismiss the above entitled and numbered criminal action for the reason:

I.

**DISMISS: AT THE REQUEST OF COMPLAINING WITNESS.**

WHEREFORE, PREMISES CONSIDERED, it is prayed that the above entitled and numbered cause be dismissed.

Respectfully submitted,

*Rachel Grove*

RACHEL GROVE, Assistant
Criminal District Attorney
Jefferson County, Texas
1001 Pearl St., Suite 300
Beaumont, Texas 77701
Telephone No. 409-835-8550
Bar Card No. 24058440

FILED
at _____ o'clock _____ M
SEP 9 2013
LOLITA RAMOS
CLERK DISTRICT COURT OF JEFFERSON CO., TEXAS
BY _____ DEPUTY

## ORDER

The foregoing Motion to Dismiss having been presented to me on this the 9th day of September, 20 13 and the same having been considered, it is therefore, ORDERED, ADJUDGED and DECREED that the said entitled and numbered cause be the same is hereby dismissed.

**JUDGE PRESIDING**