

**NUMBER 13-14-00314-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**GARRETT NOVOSAD,**                                                               **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                             **Appellee.**

---

### On appeal from the 25th District Court
### of Gonzales County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Longoria**
**Memorandum Opinion by Justice Garza**

Appellant, Garrett Novosad, pled guilty to burglary of a habitation and theft of a firearm, and the trial court placed him on four years deferred adjudication community supervision. *See* TEX. PENAL CODE ANN. §§ 30.02, 31.03 (West, Westlaw through Ch. 46, 2015 R.S.). Almost one year later, the State moved to adjudicate guilt. Novosad pled true to all of the allegations in the motion. After a hearing on the motion, the trial court

found Novosad guilty and sentenced him to twenty-one months in prison. By a single issue, Novosad contends that his due process rights were violated because the trial court failed to consider the full range of punishment available and "made comments demonstrating [its] impartiality." We affirm.

## I. BACKGROUND

Novosad was charged by way of indictment with burglary of a habitation and theft of a firearm, both state jail felonies. *See id.* §§ 30.02, 31.03. On May 9, 2013, Novosad pled guilty to both charges pursuant to a plea agreement, and on July 9, 2013, he was placed on four years' deferred adjudication community supervision. In pronouncing its ruling, the trial court stated, "you've got rules you have to follow. You violate any of these rules and play games with my probation department, I've got a place for you."

Almost one year later, the State filed a motion to adjudicate guilt, alleging that Novosad violated the terms and conditions of his probation. At a hearing on the motion, the State argued that Novosad violated his probation because he tested positive for drugs numerous times, failed to report to his probation officer, failed to attend a required "Commitment to Change" course, and failed to complete his required community service hours.

Traci Darilek, a community supervision officer with the Gonzales County Community Supervision Department, testified that Novosad accepted an offer for treatment after his first positive drug test. He completed a thirty-day treatment program, but he failed to comply with the program's subsequent requirements. Novosad tested positive for drugs a second time and was offered treatment at a facility in Uvalde, Texas. Novosad did not accept because he wanted to discuss the offer with his attorney prior to signing an agreement, but he never returned to sign the agreement.

2

At the hearing to adjudicate his guilt, Novosad testified that he did not want to go to jail and that he was now willing to enter the Uvalde program. He testified that he had previously rejected the Uvalde program because he did not fully understand his options. Novosad asked the trial court to release him on a personal bond because he wanted to spend time with his newborn child before going to the treatment facility.

During his testimony, Novosad also offered reasons for his failure to complete his community supervision obligations. He claimed that back surgery prevented him from completing his community service hours and the Commitment to Change course. According to Novosad, his community supervision officer was aware of his situation and excused him from attending the course, from performing community service hours, and from reporting in person.

However, Darilek testified that Novosad was placed on community supervision six months before he had back surgery, and that he failed to complete any community service hours or the required class during that six-month period. Furthermore, his file did not contain any information from his previous community service officer that excused him from community service.

Novosad pled true to all of the allegations in the motion to adjudicate guilt, and the trial court found him guilty. After closing, the trial court stated: "Mr. Novosad, when I sentenced you, I told you I didn't play games. I told you if you couldn't abide by the rules, that I had a place for you." The trial court then sentenced Novosad to twenty-one months confinement and his timely appeal followed.

## II. DISCUSSION

### A. Preservation of Error

As a preliminary matter, the State claims that Novosad failed to preserve his issue for appeal. Generally, an issue regarding improper judicial comments must be preserved at trial. *Unkart v. State*, 400 S.W.3d 94, 99 (Tex. Crim. App. 2013). However, a party may complain about improper judicial comments even if the error was not preserved at the trial court if an absolute requirement, prohibition, or fundamental right was violated. *See Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993). We note that Novosad did not object to the trial court's comments in the trial court and that a timely, specific objection is typically necessary to preserve a complaint for appeal. *See* TEX. R. APP. P. 33.1. In our sole discretion, we assume without deciding that Novosad preserved his issues on appeal.

### B. Standard of Review and Applicable Law

Whether the trial court denied Novosad due process is a question of law which we review de novo. *See Ex parte Brown*, 158 S.W.3d 449, 453 (Tex. Crim. App. 2005).

Due process and the Texas Constitution require a neutral and detached hearing body or officer, and unless there is a clear showing to the contrary, we must presume that the trial judge fulfilled these requirements. *Earley v. State*, 855 S.W.2d 260, 262 (Tex. App.—Corpus Christi 1993, no pet.). A trial court violates due process if it arbitrarily fails to consider the full range of punishment available, refuses to consider evidence, or imposes a predetermined sentence. *Grado v. State*, 445 S.W.3d 736, 738–39 (Tex. Crim. App. 2014). Similarly, bias is demonstrated where a trial court promises a defendant a predetermined sentence or the maximum punishment if he or she violates probation terms. *Earley*, 855 S.W.2d at 262. Bias is not shown when (1) the trial court hears

4

evidence before assessing punishment, (2) the record contains explicit evidence that the trial court considered the full range of punishment, and (3) the trial court did not make any comments indicating it considered less than the full punishment range. *Brumit v. State,* 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).

## C.  Discussion

Novosad contends that the trial court denied his right to due process because it failed to consider the full range of punishment.  However, nothing in the record indicates that the trial court ever promised Novosad that he would be sentenced to a certain number of years in prison if he did not abide by his probation terms. *Cf. Cole v. State*, 757 S.W.2d 864, 866 (Tex. App.—Texarkana 1988, no pet.) (finding that the trial court failed to consider full range of punishment when it wrote down that it would impose a seventy-five year sentence if the defendant violated probationary terms).  At the initial sentencing hearing the trial court told Novosad, "you've got rules you have to follow.  You violate any of these rules and play games with my probation department, I've got a place for you." This is not a clear showing that the trial court failed to consider the full range of punishment.  Rather, the record indicates that the trial court did consider the full range of punishment because it imposed a twenty-one month confinement, which is less than the two-year maximum punishment. *See* TEX. PENAL CODE ANN. § 12.35 (West, Westlaw through Ch. 46, 2015 R.S.).  The trial court was merely emphasizing the seriousness of the probation and the importance of abiding by the terms and conditions.  A trial court's attempt to impress upon the defendant the seriousness of probation and the need to follow the conditions is not a due process violation. *See Burke v. State*, 930 S.W.2d 230, 235 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd).

At the adjudication proceeding, Novosad testified on his own behalf and was given the opportunity to state his reasons for violating his probation terms. The defense also cross-examined the State's witness. When a trial court makes comments prior to the presentation of any evidence, this clearly shows that the court decided the case before hearing any evidence. *Earley*, 855 SW.2d at 263 (discussing the trial judge's comments prior to any evidence clearly showed he had decided to impose a life sentence prior to receiving any evidence). Here, though, the trial court did not make any comments at the adjudication hearing before the evidence was presented. Following the presentation of this evidence and testimony, the court stated, "Mr. Novosad, when I sentenced you, I told you I didn't play games. I told you if you couldn't abide by the rules, that I had a place for you." The record shows that the trial court considered the evidence of Novosad's prior criminal history, probation, failure to seek drug treatment, failure to fulfill his probation requirements, and his repeated drug use, and that these factors influenced the sentence imposed. *See Brumit*, 206 S.W.3d at 644–45; *see also Martinez v. State*, No. 13-12-00641-CR, 2013 WL 1500240, at *2 (Tex. App.—Corpus Christi April 11, 2013, no pet.) (mem. op., not designated for publication) (finding no due process violation when the trial court assessed punishment after it considered evidence of prior criminal history, probation, and failure to seek drug treatment).

Novosad's final argument is that the trial court demonstrated bias insofar as its comments showed that it had a predetermined sentence prior to the sentencing hearing. If a trial court promises that a specific number of years of confinement or the maximum sentence will be imposed, this indicates bias and a predetermined sentence. *See Jefferson v. State*, 803 S.W.2d 470, 471 (Tex. App.—Dallas 1991, pet. ref'd) (holding that trial court's promise that violating probation would result in maximum sentence deprived

6

the defendant of due process); *see also Earley*, 855 S.W.2d at 262–63 (concluding that statements at trial court level and sentencing hearing promising the maximum punishment showed the trial court "effectively decided the cases before listening to the evidence"). Unlike the trial courts in *Earley* and *Jefferson*, the trial court here did not promise Novosad that the maximum sentence or a specific number of years of confinement would be imposed if he violated the terms of his community supervision. *See Earley*, 855 S.W.2d at 262–63; *Jefferson*, 803 S.W.2d at 471. The trial court's comments were an attempt to convey to Novosad the seriousness of his probation and the importance of abiding by the conditions. This is not a clear showing that the trial court imposed a predetermined sentence. *See Burke*, 930 S.W.2d at 235.

We conclude that the record does not clearly indicate bias or a denial of Novosad's due process rights, and that Novosad has not overcome the presumption that the trial court acted as a detached and neutral officer. Accordingly, we overrule Novosad's sole issue.

## III. Conclusion

We affirm the trial court's judgment.

DORI CONTRERAS GARZA,
Justice

Do Not Publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
2nd day of July, 2015.

7