# NO. 12-15-00124-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHN THOMAS CONGLETON,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

John Thomas Congleton appeals his convictions for aggravated sexual assault of a child and three counts of indecency with a child by contact. In three issues, Appellant argues that the trial court failed to consider the full range of punishment, and that the judgment contains a clerical error. We modify and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with aggravated sexual assault of a child and three counts of indecency with a child by contact. Pursuant to a plea bargain agreement with the State, he pleaded "guilty" to the offenses, and the trial court placed him on ten years of deferred adjudication community supervision. The State subsequently filed a motion to proceed to adjudication. Following a hearing, the trial court adjudged Appellant guilty and assessed his punishment at imprisonment for twenty-five years in the assault case and fifteen years in each indecency case, to be served concurrently. This appeal followed.

### FAILURE TO CONSIDER FULL RANGE OF PUNISHMENT

In Appellant's first and second issues, he contends that he was denied due process and due course of law when the trial court heard punishment evidence before adjudicating his guilt.

**Standard of Review and Applicable Law**

Due process requires a neutral and detached hearing body or officer. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761, 36 L. Ed. 2d 656 (1973). It is a denial of due process for a trial court to arbitrarily refuse to consider the entire range of punishment for an offense or to refuse to consider the evidence and impose a predetermined punishment. *McClenan v. State*, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983). In the absence of a clear showing of bias, we will presume the trial judge was a neutral and detached officer. *Earley v. State*, 855 S.W.2d 260, 262 (Tex. App.—Corpus Christi 1993, pet. dism'd). Bias is not shown when (1) the trial court hears extensive evidence before assessing punishment, (2) the record contains explicit evidence that the trial court considered the full range of punishment, and (3) the trial court made no comments indicating consideration of less than the full range of punishment. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). In applying our state constitutional guarantee of due course of law, we follow contemporary federal due process interpretations. *U.S. Gov't v. Marks*, 949 S.W.2d 320, 326 (Tex. 1997); *Fleming v. State*, 376 S.W.3d 854, 856 (Tex. App.—Fort Worth 2012), *aff'd*, 455 S.W.3d 577 (Tex. Crim. App. 2014), *cert. denied*, 135 S. Ct. 1159, 190 L. Ed. 2d 913 (2015).

**Analysis**

At the hearing on the State's motion to adjudicate, the State called Appellant's community supervision officer to testify regarding the violation of several of his conditions. Thereafter, Appellant testified on his own behalf, and then called his grandmother to the stand. Prior to the grandmother's testimony, defense counsel asked the trial court whether he could "assume [they were] also including punishment evidence at [that] point in time." The trial court answered affirmatively. After the grandmother's testimony, the defense rested. The trial court asked the State if it had further witnesses. The State answered, "We would call [the community supervision officer], if you want to talk about punishment." The trial court again answered affirmatively. The community supervision officer then testified that Appellant was not a good candidate for probation because of his lack of effort to comply and because of his untruthfulness. Following the arguments of both sides, the trial court found the allegations true, found Appellant guilty of the offenses, and assessed his punishment. Neither side objected to this procedure.

Appellant argues that when the trial court heard evidence on punishment before finding him guilty, it foreclosed the possibility of continuing his deferred adjudication community

supervision. He contends that because the trial court acknowledged the testimony as "punishment evidence," it was unable to remain a detached and neutral magistrate, consequently denying his right to due process of law.

When the state alleges a violation of a condition of a defendant's deferred adjudication community supervision, the defendant is entitled to "a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge." TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (West Supp. 2015). The defendant has a right to a separate punishment hearing, but it is a statutory right that can be waived. *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001). In practice, the adjudication of guilt and the sentence are usually pronounced simultaneously. *Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015). Here, Appellant waived his right to a separate punishment hearing by failing to object to the trial court's procedure. *See Vidaurri*, 49 S.W.3d at 886.

We further observe that the trial court's acknowledging certain evidence as "punishment evidence" before adjudicating Appellant's guilt did not divest the trial court of the power to continue him on deferred adjudication community supervision. Moreover, we find nothing in the record to support Appellant's argument that the trial court did not remain neutral and detached. We conclude that the record does not support Appellant's argument that the trial court foreclosed the possibility of continuing him on deferred adjudication community supervision, or that it did not consider continuing his deferred adjudication. Because the record does not contain a clear showing of bias, we will presume the trial judge was a neutral and detached officer. *See Earley*, 855 S.W.2d at 262. Accordingly, we overrule Appellant's first and second issues.

## JUDGMENT ERROR

In Appellant's third issue, he asks that we correct an error in the trial court's judgment. He notes that although the trial court pronounced fifteen year sentences in counts two through four and a twenty-five year sentence in count five, the judgments indicate fifteen year sentences in counts three through five and a twenty-five year sentence in count two. After reviewing the record, we conclude that the judgment should be modified to reflect fifteen year sentences in counts two through four and a twenty-five year sentence in count five. *See Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (appellate court has authority to correct

trial court's judgment to make record speak the truth when it has necessary data and information). Accordingly, we sustain Appellant's third issue.

## DISPOSITION

We have overruled Appellant's first and second issues but sustained Appellant's third issue regarding error in the judgment. Accordingly, we *modify* the trial court's judgment to reflect that Appellant's terms of imprisonment are fifteen years in counts two through four and twenty-five years in count five. We *affirm* the judgment *as modified*.

**GREG NEELEY**
Justice

Opinion delivered July 20, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 20, 2016**

**NO. 12-15-00124-CR**

**JOHN THOMAS CONGLETON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 30906)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that Appellant's terms of imprisonment are fifteen years in counts two through four and twenty-five years in count five; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*