

# NUMBER 13-17-00601-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DAMIEN EARL CRAYTON,                                               **Appellant,**

**v.**

THE STATE OF TEXAS,                                                 **Appellee.**

### On appeal from the 377th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Hinojosa

Appellant Damien Earl Crayton appeals from a judgment revoking his community supervision and sentencing him to five-years' confinement for the offense of assault causing bodily injury to a family member, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(2) (West, Westlaw through 2017 1st C.S.). In one issue, Crayton contends that he is entitled to a new hearing because the trial court was biased against

him. We affirm.

## I. BACKGROUND

On September 6, 2016, Crayton pled guilty to an alleged offense of assault causing bodily injury to a family member. *See id.* The trial court adjudicated Crayton guilty, assessed a $1,000 fine, sentenced him to five-years' confinement, suspended the sentence, and placed Crayton on community supervision for three years. The community supervision order included several terms and conditions, including that Crayton not commit any offense against the laws of Texas.

On September 21, 2017, the State filed a motion to revoke community supervision, alleging that Crayton had violated the aforementioned condition by committing the offense of indecency with a child. *See id.* § 21.11(a) (West, Westlaw through 2017 1st C.S.).

M.P., who was the mother of the child against whom Crayton had allegedly committed the indecent act, testified at the revocation hearing.[1] M.P. testified that she and Crayton were in a romantic relationship for the preceding two years. On direct-examination by the State, M.P. recalled asking her daughter if Crayton touched her sexually, to which M.P.'s daughter answered, "Yes." On cross-examination by Crayton's counsel, she testified that she did not end her relationship with Crayton after hearing her daughter's accusation and that she still loved him. Crayton's counsel then asked M.P. whether she had sexual relations with Crayton after the incident. The court interrupted

---

[1] In our discretion, we will use an alias in lieu of the mother's name. *See* TEX. R. APP. P. 9.8 cmt. (providing that the rule governing protection of a minor's identity in parental-rights termination and juvenile court cases does not limit an appellate court's authority to disguise parties' identities in appropriate circumstances in other cases).

that line of questioning by stating, "It's irrelevant. Next question." Crayton did not complain of the court's ruling and began a different line of inquiry. On appeal, Crayton argues that the question exposed that M.P. did not believe her daughter's accusation.

The trial court found true all allegations in the State's motion to revoke Crayton's community supervision, revoked his community supervision, and sentenced him to five-years' confinement. This appeal followed.

## II. JUDICIAL BIAS

Crayton contends that the trial judge violated his minimum rights to due process by making an objection for the State.[2] Specifically, he challenges the court raising an objection to his counsel's question regarding his sexual relationship with M.P. Crayton argues that by raising this objection *sua sponte*, rather than requiring the State to make its own objection, the trial court violated his rights to a detached and impartial hearing body as required under due process.

### A. Applicable Law

The Due Process Clause guarantees a defendant a fair trial in a fair tribunal before a judge with no actual bias against the defendant or interest in the outcome of his particular case. *Bracy v. Gramley*, 520 U.S. 899, 904–05 (1997). The Due Process Clause has been implemented by objective standards that do not require proof of actual bias. *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868, 881 (2009). In pursuit of this end, various situations have been identified in which experience teaches that the

---

[2] Crayton did not object to the trial court's alleged partiality below. However, a complaint of a partial trial judge is "structural error" which may be raised for the first time on appeal. *See Johnson v. State*, 169 S.W.3d 223, 235 (Tex. Crim. App. 2005) (citing *Johnson v. United States*, 520 U.S. 461, 468–469 (1997)).

probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable. *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). A judge is constitutionally unacceptable when: (1) the judge has a direct personal, substantial, and pecuniary interest in the outcome of the case; (2) the judge has been the target of personal abuse or criticism from the party before him; or (3) the judge has the dual role of investigating and adjudicating disputes and complaints. *Celis v. State*, 354 S.W.3d 7, 21 (Tex. App.—Corpus Christi 2011), *aff'd*, 416 S.W.3d 419 (Tex. Crim. App. 2013).

Texas Rule of Evidence 611 allows a court to exercise reasonable control over the examination of witnesses to prevent wasting time and to protect the witness from harassment and undue embarrassment. TEX. R. EVID. 611(a)(2)–(3). A defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions. *United States v. Scheffer*, 523 U.S. 303, 308 (1998). As a result, state and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials. *Id.* Such rules do not abridge an accused's right to present a defense so long as they are not "arbitrary" or "disproportionate to the purposes they are designed to serve." *Id.* (citing *Rock v. Arkansas*, 483 U.S. 44, 55 (1988)). Rule 611 is designed to give courts authority to exercise reasonable control over the mode and order of examining witnesses so as to avoid wasting time and to protect the witness from harassment or undue embarrassment. Trial courts may place reasonable limits on cross-examination based on such concerns as harassment, prejudice, the witness's safety, or interrogation that is repetitive or only marginally relevant. *Matchett v. State*, 941 S.W.2d 922, 940 (Tex. Crim. App. 1996) (en banc).

4

**B.    Discussion**

We note that Crayton has not alleged that the trial court judge was constitutionally unacceptable because the judge had:   (1) a direct personal, substantial, and pecuniary interest in the outcome of the case; (2) been the target of personal abuse or criticism from the party before him; or (3) the dual role of investigating and adjudicating disputes and complaints.   *Celis*, 354 S.W.3d at 21.   Thus, his complaints do not raise the kind of fundamental procedural unfairness that the Supreme Court has held to be an unconstitutional violation of due process rights.[3]

Crayton instead bases his argument solely on the allegation that the court's interruption of his cross-examination of M.P. indicates that the judge was not "neutral and detached."   This complaint implicates matters within the trial court's discretion afforded to it by rule 611, i.e., the regulation of testimony, processing of evidence, and general conduct of trial.   *See Avilez v. State*, 333 S.W.3d 661, 674 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

We have reviewed the entire record.   Throughout the revocation hearing, the trial court exercised the kind of control contemplated by rule 611.   In this case, Crayton had already established that M.P. was still in love with him and maintained a romantic relationship with him even after he had inappropriately touched her daughter.   Further evidence that M.P. continued to have sexual relations with Crayton would not materially

---

[3] *Cf. Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 816–18, 822, (1986) (pecuniary interest); *Tumey v. Ohio*, 273 U.S. 510, 532, (1927) (same); *In re Murchison*, 349 U.S. 133, 137 (1955) (acting as prosecutor); *Mayberry v. Pennsylvania*, 400 U.S. 455, 465 (1971) (personal embroilment with defendant or counsel); *Earley v. State*, 855 S.W.2d 260, 262–63 (Tex. App.—Corpus Christi 1993, pet. dism'd) (prejudging case); *Abdygapparova v. State*, 243 S.W.3d 191, 206–09 (Tex. App.—San Antonio 2007, pet. ref'd) (favoring prosecution).

further Crayton's defense and could have resulted in harassment or undue embarrassment of the witness. Therefore, the trial court's *sua sponte* objection fell within the purview of rule 611, and the court's action did not violate Crayton's due process protections.

Finally, we note that most matters related to judicial conduct within the broad confines of discretion traditionally afforded to a trial court do not usually implicate constitutional due process protections. *See Avilez*, 333 S.W.3d at 675 (citing *Bracy*, 520 U.S. at 904). Indeed, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and a trial court's opinion would not constitute bias unless it derives from "an extrajudicial source [or] reveal[s] such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555–56 (1994).

We conclude that the record does not demonstrate bias or a violation of Crayton's due process rights. We overrule Crayton's sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of June, 2018.

6