ACCEPTED
12-15-00088-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
6/16/2015 9:58:44 PM
CATHY LUSK
CLERK

ORAL ARGUMENT NOT REQUESTED

NO. 12-15-00088-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
6/16/2015 9:58:44 PM
CATHY S. LUSK
Clerk

IN THE COURT OF APPEALS
12TH JUDICIAL DISTRICT
TYLER, TEXAS

---

SIDNEY LYNCH,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

---

ON APPEAL IN CAUSE NUMBER 007-0526-14
FROM THE 7TH JUDICIAL DISTRICT COURT
OF SMITH COUNTY, TEXAS
HONORABLE KERRY RUSSELL, JUDGE PRESIDING

APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437

ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
>   Sidney Lynch

APPELLANT'S TRIAL COUNSEL:
>   Kurt Noell, at trial
>   231 South College
>   Tyler, Texas 75702
>   903-597-9069
>
>   John Jarvis, at revocation
>   326 South Fannin
>   Tyler, Texas 75702
>   903-592-6576

APPELLANT'S APPELLATE COUNSEL
>   James Huggler
>   100 E. Ferguson, Suite 805
>   Tyler, Texas 75702
>   903-593-2400
>   903-593-3830 (fax)

APPELLEE
>   The State of Texas

APPELLEE'S TRIAL COUNSEL
>   Bryan Jiral
>   Smith County Criminal District Attorney's Office
>   100 N. Broadway, 4th Floor
>   Tyler, Texas 75702
>   903-590-1720
>   903-590-1719 (fax)

APPELLEE'S APPELLATE COUNSEL
>   Michael West
>   Smith County Criminal District Attorney's Office

100 N. Broadway, 4th Floor
Tyler, Texas 75702
903-590-1720
903-590-1719 (fax)

TABLE OF CONTENTS

                                                         PAGE

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    Issue One: By prejudging the sentence, the trial court violated
    Mr. Lynch's right to due process of law under the United States
    Constitution.

    Issue Two: By prejudging the sentence, the trial court violated
    Mr. Lynch's right to due course of law under the Texas
    Constitution.

    Issue Three: The trial court erred in imposing attorney fees
    following a finding that Mr. Lynch was indigent and was
    appointed counsel.

    Issue Four: The District Clerk erred in including attorney fees
    following a finding that Mr. Lynch was indigent and was
    appointed counsel.

STATEMENT OF THE FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ISSUE ONE, RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ISSUE TWO, RESTATED.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A. The Law Requires a Neutral Tribunal. . . . . . . . . . . . . . . . . . . 5
    B. Application to These Facts. . . . . . . . . . . . . . . . . . . . . . . . . . 7
    C. Structural Error Analysis. . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    D. Remedy and Relief Requested.. . . . . . . . . . . . . . . . . . . . . . . 9

ISSUE THREE, RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

ISSUE FOUR, RESTATED.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    A. Law on Attorney's Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    B. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    C. Application to These Facts. . . . . . . . . . . . . . . . . . . . . . . . 13
    D. Remedy and Relief Requested.. . . . . . . . . . . . . . . . . . . . . . 16

PRAYER FOR RELIEF.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF SERVICE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . 18

# TABLE OF AUTHORITIES

CONSTITUTIONS

U.S. CONST. Amend. XIV.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

TEX. CONST. art. I, §19. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5


STATUTES

TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West 2013). . . . . . . . . . 10, 11

TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West 2013). . . . . . . . . . . . 10

TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2013). . . . . . . . . . . . 11

TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2013). . . . . . . . . . . . 12

TEX. GOV'T CODE ANN. §§102.010-.142 (West 2013). . . . . . . . . . . . . 11

TEX. GOV'T CODE ANN. §102.021 (West 2013).. . . . . . . . . . . . . . . . . 11

TEX. PENAL CODE ANN. §46.04(a)(1) (West 2012). . . . . . . . . . . . . . . 1


CASES

Armstrong v. State, 340 S.,W.2d 759 (Tex. Crim. App. 2011). . . . . 11, 12

Arizona v. Fulminante, 4449 U.S. 279, 111 S. Ct. 1246,

  113 L.Ed.2d 302 (1991).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Ex parte Brown, 158 S.W.3d 449 (Tex. Crim. App. 2005). . . . . . 5, 6, 8, 9

Brumit v. State, 206 S.W.3d 639 (Tex. Crim. App. 2006). . . . . . . . . . . . 5

DeLeon v. Aguilar, 127 S.W.3d 1 (Tex. Crim. App. 2004). . . . . . . . . . . . 6

Gagnon v. Scarpelli, 411 U.S. 778, 93 S. Ct. 1756, 36 L.Ed.2d (1973). . 5

Gonzales v. Johnson, 994 F. Supp. 759, 762 (N.D. Tex. 1997).. . . . . . . . 6

Howell v. State, 175 S.W.3d 786 (Tex. Crim. App. 2005). . . . . . . . . . . 13

Hull v. State, 67 S.W.3d 215 (Tex. Crim. App. 2002).. . . . . . . . . . . . . 9

Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781,

  61 L.Ed.2d 560 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

<u>Johnson v. State</u>, 405 S.W.3d 350 (Tex. App. – Tyler 2013, no pet).10, 13

<u>Johnson v. State</u>, 423 S.W.3d 385 (Tex. Crim. App. 2014). . . . . . . . . . 12

<u>Lagrone v. State</u>, 84 Tex. Crim. 609, 209 S.W. 411 (1919). . . . . . . . . . . 6

<u>Mayer v. State</u>, 309 S.W.3d 552 (Tex. Crim. App. 2013). . . . . . . . . 11, 13

<u>McClenan v. State</u>, 661 S.W.2d 108 (Tex. Crim. App. 1983). . . . . . . . . . 6

<u>Montgomery v. State</u>, 810 S.W.2d 372 (Tex. Crim. App. 1991). . . . . . . 13

<u>Owen v. State</u>, 352 S.W.3d 542 (Tex. App. – Amarillo 2011, no pet.). . 12

<u>United States v. Sciuto</u>, 531 F.2d 842, 846 (7th Cir. 1976). . . . . . . . . . . 8

<u>Texeira v. State</u>, 89 S.W.3d 190 (Tex. App. – Texarkana
    2002, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

<u>Weir v. State</u>, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). . . . . . . . . 11

<u>Williams v. State</u>, 332 S.W.3d 694 (Tex. App. – Amarillo 2011,
    pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

<u>RULES</u>
TEX. R. APP. P. 9.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

TEX. R. APP. P. 38.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

NO. 12-15-00088-CR

| | | |
|---|---|---|
| SIDNEY LYNCH | § | IN THE COURT OF APPEALS |
| APPELLANT | § | |
| | § | |
| VS. | § | 12TH JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | TYLER, TEXAS |

APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS
AND THE JUSTICES THEREOF:

Sidney Lynch ("Appellant"), by and through his attorney of record,

James Huggler, and pursuant to the provisions of TEX. R. APP. PROC.38,

et seq., respectfully submits this brief on appeal.

STATEMENT OF THE CASE

Appellant was indicted for the felony offense of unlawful possession

of a firearm by a felon.   I CR 4.[1]  TEX. PENAL CODE ANN. §46.04(a)(1)

---

[1] References to the Clerk's Record are designated "CR" with a roman numeral preceding CR specifying the correct volume and an arabic numeral following "CR" specifying the correct page in the record.

1

(West 2012). He entered a plea of guilty pursuant to an agreement and was received an eight year sentence probated for four years. I CR 33, 48-49; VI RR 15-16.

The State filed an application to proceed to final adjudication. I CR 50-54. Mr. Lynch entered a true plea to each allegation. I CR 62; VII RR 12. After hearing the revocation, the court sentenced Appellant to 8 years' confinement in the Texas Department of Criminal Justice, Institutional Division. I CR 67-68; VII RR 17.

Notice of appeal was timely filed on March 24, 2015. I CR 72. This brief is timely filed on or before June 19, 2015.

## ISSUES PRESENTED

Issue One: By prejudging the sentence, the trial court violated Mr. Lynch's right to due process of law under the United States Constitution.

Issue Two: By prejudging the sentence, the trial court violated Mr. Lynch's right to due course of law under the Texas Constitution.

Issue Three: The trial court erred in imposing attorney fees following a finding that Mr. Lynch was indigent and was appointed counsel.

Issue Four: The District Clerk erred in including attorney fees following a finding that Mr. Lynch was indigent and was appointed counsel.

## STATEMENT OF THE FACTS

Sidney Lynch was charged with being a convicted felon in possession of a firearm. I CR 1. He entered a plea of guilty pursuant to an agreement for eight years confinement probated for four years. I CR 33. The trial court followed the agreement. VI RR 15. During this hearing, as discussed below, the trial court promised that if Mr. Lynch appeared on an application to revoke, he would receive the maximum eight year sentence.

The State filed an application to revoke his probation. I CR 50-54. Mr. Lynch entered a plea of true to each allegation. I CR 62; VII RR 12. As promised, the trial court assessed the eight year sentence.

Counsel has reviewed the record in the case thoroughly, and presents four issues. A discussion of relevant facts for those issues is included in the argument section of this brief.

## SUMMARY OF ARGUMENT

The first two issues raised relate to the trial court's statements made to Mr. Lynch prior to sentencing that if he was ever brought before the court again, he would receive the maximum sentence possible under the plea agreement, eight years confinement. The court made it clear that there would no reason, no excuse, no justification, or mitigation possible, that if Mr. Lynch appeared before the trial court, he would receive an eight year sentence. This prejudgment of a criminal defendant has been held to violate a defendant's due process right to an impartial tribunal

The third and fourth issues relate to the improper assessment of attorney's fees as costs. This Court is well aware of the issues, however, this case is unusual in that the amounts assessed between the two judgments do not correlate with the amounts in the bill of costs and they reflect dramatically different amounts paid by Mr. Lynch.

ARGUMENT

Issue One, Restated: By prejudging the sentence, the trial court violated Mr. Lynch's right to due process of law under the United States Constitution.

Issue Two, Restated: By prejudging the sentence, the trial court violated Mr. Lynch's right to due course of law under the Texas Constitution.

A. The Law Requires a Neutral Tribunal

The Fourteenth Amendment provides that the state may not "deprive any person of life, liberty, or property, without due process of law. U.S. CONST. Amend. XIV. No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by the due course of the law of the land. TEX. CONST. art. I, §19. Trial courts have wide discretio0n in determining the proper punishment in a revocation hearing, but due process guarantees that the trial court conduct itself in a neutral and detached manner. Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S. Ct. 1756, 1762, 36 L. Ed. 2d (1973); Brumit v. State, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). A trial court's arbitrary refusal to consider the entire range of punishment in a particular case violates due process. Ex parte Brown, 158 S.W.3d 449, 456 (Tex. Crim. App. 2005); Brumit at 645.

5

A defendant is entitled to a probation revocation hearing before a judicial officer who has not predetermined that probation should be revoked or that a particular punishment should be imposed. Gonzales v. Johnson, 994 F. Supp. 759, 762 (N.D. Tex. 1997).

The law contemplates that the trial judge shall maintain an attitude of impartiality throughout the trial. Lagrone v. State, 84 Tex. Crim. 609, 209 S.W. 411, 415 (1919). A court's arbitrary refusal to consider tyhe entire range of punishment would constitute a denial of due process. McClennan v. State, 661 S.W.2d 108 (Tex. Crim. App. 1983), overruled on other grounds by DeLeon v. Aguilar, 127 S.W.3d 1 (Tex. Crim. App. 2004). A court denies due process and due course of law if it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider the evidence and imposes a predetermined punishment. Teixeira v. State, 89 S.W.3d 190, 192 (Tex. App. – Texarkana 2002, pet. ref'd).

A court denies due process and due course of law if it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider the evidence and imposes a predetermined punishment. Ex parte Brown, 158 S.W.3d 449, 454 (Tex. Crim. App. 2005); McClennan v. State, 661 S.W.2d at 110.

6

## B. Application to These Facts

The trial court made it very clear that he did not agree with the plea agreement in this case. "Your history tells me you will fail on probation. Your history in your presentence tells me you'll fail on your probation. VI RR 5, ln. 2-4. During that hearing the trial court referenced a bond violation and did not believe Mr. Lynch's explanation. VI RR 6, lines 8-25.

> Because what I'm going to do is - - I'll put in my PSI that I had this discussion - - I do it - - unfortunately, it seems to be more and more regularly, unfortunately - - but I put in my presentence that the person has, number one, I feel, lied to me; number two, that they're a horrible candidate for probation based upon their history; and that we've had this discussion about the State maybe giving them a minimum sentence offer to not waste the system's resources on that person.

> And that if they come back and if the State can prove that you violated your probation, I don't entertain any negotiations. Instead, you're telling me today, that if you're not completely successful on your probation, you want me to sentence you to 8 years in the penitentiary when you come back. VI RR 7, ln. 17 - 8, ln. 7.

On August 27, 2014, the docket sheet shows a handwritten entry: "If revocation filed, no recommendations will be considered. 8 yrs to be given". I CR 94, emphasis added. When Mr. Lynch was placed on probation, the court twice asked of him: "What happens if you fail on your probation?" The correct response was "It will be 8 years TDC." VI RR 15,

7

ln. 11-18.

In this case, the trial court prejudged Mr. Lynch for any future revocation proceeding and not only in the transcript, but on the docket sheet itself. By promising to assess an eight year sentence if Mr. Lynch ever appeared on a revocation the trial court violated his right to due process of law and due course of law.

As the Court of Criminal Appeals stated: a trial judge must constantly remember that he may one day be cast in the role of trier of fact in a revocation proceeding, and in that event he will be required to disqualify himself unless he has refrained from prejudgment. Ex parte Brown, 158 S.W.3d at 454, citing United States v. Sciuto, 531 F.2d 842, 846 (7th Cir. 1976).

A trial court's arbitrary refusal to consider the entire range of punishment in a particular case violates due process. A trial judge may certainly impress upon a prospective probationer the seriousness of the possible consequences of a failure to abide by the terms and conditions of probation, but it is an altogether different thing to promise to impose the maximum punishment if a prospective probationer fails to abide by the terms of probation and then carrying through on that promise. Ex parte

8

<u>Brown</u>, 158 S.W.3d at 456-57.

## C. Structural Error Analysis

These errors in conjunction constitute structural error and need not be preserved by contemporaneous objection and require a reversal of these judgments. Structural error affects the conduct of the trial and is not subject to a harm analysis. <u>Arizona v. Fulminante</u>, 449 U.S. 279, 309-310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). Structural error has been found in the deprivation of the right to an impartial judge. <u>Id</u>.

It is anticipated that the State will object to these two points of error by arguing that there were no timely objections to the trial court's comments. <u>Hull v. State</u>, 67 S.W.3d 215 (Tex. Crim. App. 2002). However, that analysis side-steps the issue of whether or not this is structural error. If it is structural error as Appellant contends, no contemporaneous objection is necessary.

## D. Remedy and Relief Requested

The judgment of conviction should be reversed and the case

remanded to the trial court, the trial court should be recused and a neutral magistrate should hear the revocation proceedings and assess sentence.

Issue Three Restated: The trial court erred in imposing attorney fees following a finding that Mr. Lynch was indigent and was appointed counsel.

Issue Four, Restated: The District Clerk erred in including attorney fees following a finding that Mr. Lynch was indigent and was appointed counsel.

## A. Law on Attorney's Fees

A trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel. TEX. CODE CRIM. PROC. ANN. art. 26.05(g)(West 2013). Once a defendant has been determined to be indigent, he is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West 2013). Before attorney's fees may be imposed, the trial court must make a determination supported by some factual basis in the record that the defendant has financial resources to enable him to offset in whole or in part the costs of the legal services provided. Johnson v. State, 405 S.W.3d

10

350, 354 (Tex. App. – Tyler 2013, no pet). If the record does not show any material change in the defendant's financial circumstances, the evidence will be insufficient to support the imposition of attorney's fees. TEX. CODE CRIM. PROC. ANN. art. 26.04(p); Mayer v. State, 309 S.W.3d 552, 553, 557 (Tex. Crim. App. 2013).

Court costs are pre-determined, legislatively-mandated obligations resulting from a conviction. See, e.g., TEX. GOV'T CODE ANN. §§ 102.001-.142 (West 2013) (setting forth various court costs that a convicted person "shall" pay). A sentencing court shall impose the statutory court costs at the time a defendant is sentenced. Armstrong v. State, 340 S.W.3d 759 (Tex. Crim. App. 2011); TEX. GOV'T CODE ANN. §102.021 (West 2013). Court costs are not punitive in nature and do not have to be included in an oral pronouncement of a sentence. Weir v. State, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009).

A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment of the cost. TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2013). The clerk of the trial court is required to keep a fee

record, and a statement of an item therein is prima facie evidence of the correctness of the statement. Owen v. State, 352 S.W.3d 542, 548 (Tex. App.—Amarillo 2011, no pet.) (citing TEX.CODE CRIM. PROC. ANN. art. 103.009(a), (c)). Until a certified bill of costs has been made part of the record, a defendant has no obligation to pay court costs. Owen, 352 S.W.3d at 547 (citing Armstrong, 340 S.W.3d at 765; Williams v. State, 332 S.W.3d 694, 699 (Tex. App. – Amarillo 2011, pet. denied).

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2013).

## B. Standard of Review

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." Johnson v. State, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). When the imposition of court costs is challenged on appeal, the court reviews the assessment of costs to determine if there is a basis for the cost, not to determine if there is

sufficient evidence offered at trial to prove each cost.  <u>Id.</u>

The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See <u>Jackson v. Virginia</u>, 443 U.S. at 315-16, 99 S. Ct. at 2786-787; see also <u>Mayer v. State</u>, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010)(sufficiency review of evidence to support order of repayment of attorney fees as costs).

A challenge to a withdrawal of funds notification is reviewed for an abuse of discretion. <u>Williams</u>,  332  S.W.3d at 698.  A trial court abuses its discretion when it acts "without reference to any guiding rules and principles.  <u>Howell v. State</u>, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005); <u>Montgomery v. State</u>, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991).  The reviewing court may modify a withdrawal order on direct appeal if the evidence is insufficient to support the assessment of court costs.  <u>Johnson v. State</u>, 405 S.W.3d at 355.

C. Application to These Facts

Mr. Lynch appeared for his first appearance without counsel.  He was instructed by the court to attempt to retain counsel.  II RR 4-5.

Initially, Mr. Lynch had apparently retained attorney Duane Stephens. III RR 4. The court expressed some surprise because of a belief that Mr. Stephens had retired. III RR 4. At the next hearing, Mr. Lynch confirmed that Mr. Stephens would not be representing him and sought appointed counsel. IV RR 4-5.

Mr. Lynch has been represented at all times following the initial appearance by appointed counsel. The record contains three different orders appointing counsel. I CR 31, 58 and 81. The record contains one pauper's oath which was granted by the trial court and was not contested during any of the proceedings in this case. I CR 29-30. Following this pauper's oath application, Mr. Lynch was appointed counsel. I CR 31. Another attorney was appointed for the revocation proceedings. I CR 58. A third attorney was appointed for the appeal of this case. I CR 81. A motion was filed with the trial court seeking a free reporter's record on appeal. I CR 88-90. This motion was granted by the trial court without opposition from the State of Texas. I CR 91.

The application to proceed to final adjudication included an allegation that Mr. Lynch failed to pay court cost (sic), including any appointed counsel fees. I CR 52, ¶ 4. The trial court also commented on

the failure to pay court costs. VII RR 21, lines 12-13.

The September 12, 2014 order placing Mr. Lynch on probation included $614.00 in court costs. I CR 46-47. The bill of costs prepared by the District Clerk's Office on March 18, 2015 matches this amount. I CR 70. The final judgment signed March 16, 2015 reflects a balance of $269.00 for court costs, even though the bill of costs reflects a balance of $594.00. I CR 67-68 and 70. So while the judgments in the case reflect that $345 was paid, the bill of costs reflect that only $20 was paid.

The majority of the items listed on the bill of costs appear to be properly assessed costs. I CR 70. The properly assessed costs equal $314.00 in court costs. However, a $300 fee was assessed for receiving appointed counsel. I CR 73.

There is no evidence to contest the finding that Mr. Lynch was found indigent. Assessment of attorney's fees following a finding of indigence is improper. While the final judgment does not include the attorney's fee, the bill of costs does, and court costs, including attorney fees were improperly collected by the probation department impacting, among other things the restitution owed. Why the bill of costs contains the fee after the final judgment was prepared and signed is not known. If the two judgments are

15

correct, then Mr., Lynch paid $345, of which $314 was proper. If the bill of costs is correct, Mr. Lynch currently owes Smith County $594.00 of which $294 is proper.

## D. Remedy and Relief Requested

The fee seeking reimbursement for the appointed attorney was improperly assessed by the court and the clerk's office. The judgment and the bill of costs should be modified to reflect the amount of proper taxable court costs due. Unfortunately, in this case, the record is unclear as to exactly how much Mr. Lynch paid towards court costs. The bill of costs reflect $20, but the difference in costs assessed on the judgments reflect a payment of $345. In this case, the Court should remand for a hearing to determine exactly how much Mr. Lynch paid the probation department, and what amounts were transferred to the District Clerk's Office.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully pays that the trial court's judgment be reversed and rendered in accordance with the first issue, or that, in the alternative, the judgment of the trial court be modified in accordance with the third and fourth; or in the alternative remanded for a hearing to determine exactly how much Mr. Lynch paid and how it was allocated.


Respectfully submitted,


 /s/ James Huggler
James W. Huggler, Jr.
State Bar Number 00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
903-593-2400
903-593-3830 fax

ATTORNEY FOR APPELLANT

17

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been

forwarded to counsel for the State by regular mail or electronic filing on

this the 16th day of June, 2015.


 /s/ James Huggler
James W. Huggler, Jr.


Attorney for the State:
Mr. Mike West
Smith County Criminal District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702


CERTIFICATE OF COMPLIANCE

I certify that in compliance with TEX. R. APP. P. 9.4, this document

contains 4,194 words as calculated by Corel WordPerfect version X5 using

14 point Century font and complies with the other requirement of Rule

9.4.


 /s/ James Huggler
James W. Huggler, Jr.